UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

ANDREA LEE HUBBELL,

    Plaintiff,

v.　　　　　　　　　　　　　　　　　　　　　　　Case No:   6:16-cv-908-Orl-28TBS

COMMISSIONER OF SOCIAL
SECURITY,

    Defendant.

## ORDER

Plaintiff filed this case, together with a motion to proceed *in forma pauperis*, and summonses on May 25, 2016 (Docs. 1-2). The Court granted the *in forma pauperis* motion on the day that it was filed (Doc. 3).

Although Plaintiff's counsel furnished summonses to the Clerk for issuance, he omitted the USM-285 "Service of Process by U.S. Marshals" forms.[1] Consequently, the summonses were not issued and delivered to the Marshal for service. Apparently, Plaintiff's counsel did not follow up for months concerning the status of service because the USM-285 forms were not delivered to the Clerk until September 19, 2016. The docket clerk who handled the original intake of the case was no longer employed by the Clerk when the USM-285 forms were received. A different clerk searched through folders to find the summonses, which were issued on September 26, 2016.

On the day that the summonses were issued, Plaintiff's counsel filed a motion to extend the time to serve Defendant (Doc. 8). In the motion, counsel made no mention of

---

[1] Information in this paragraph was supplied by the Clerk in response to the Court's inquiry.

his delay in delivering the USM-285 forms to the Clerk (Id.). The Court, believing that the Clerk and/or Marshal may be at fault for the failure to timely serve Defendant, granted the motion and extended the time for Plaintiff to perfect service to October 26, 2016 (Doc. 9).

On October 26, 2016, Plaintiff filed a second motion for enlargement of time to serve Defendant (Doc. 11). The motion alleges that the Marshal had been contacted to ascertain the status of service, and counsel was waiting on a response (Id.). The Court granted the motion and enlarged to November 26, 2016 the time for service of process (Doc. 12).

Now pending before the Court is Plaintiff's Motion for Enlargement of Time to Complete Service (Doc. 13). The averments in this third motion are identical to the second motion except that this time, Plaintiff seeks a 60 day enlargement of time, i.e., through January 24, 2017 to serve Defendant (Id., ¶ 6).

Federal Rule of Civil Procedure 4(m) provides:

> If a defendant is not served within 90 days after the complaint is filed, the court--on motion or on its own after notice to the plaintiff--must dismiss the action without prejudice against that defendant or order that service be made within a specified time. But if the plaintiff shows good cause for the failure, the court must extend the time for service for an appropriate period. This subdivision (m) does not apply to service in a foreign country under Rule 4(f), 4(h)(2), or 4(j)(1), or to service of a notice under Rule 71.1(d)(3)(A).

The delay in serving Defendant results from counsel's failure to promptly deliver the USM-285 forms to the Clerk and his failure, after a reasonable amount of time had elapsed, to follow up with the Marshal regarding the status of service of process. Under the circumstances, the Court is not persuaded that Plaintiff has shown good cause for a further enlargement of time. Still, Rule 4(m) gives the district court discretion "to extend the time for service of process even in the absence of a showing of good cause."

Horenkamp v. Van Winkle and Company, Inc., 402 F.3d 1129, 1132 (11th Cir. 2005). In the absence of good cause "the district court must still consider whether any other circumstances warrant an extension of time based on the facts of the case. Only after considering whether any such factors exist may the district court exercise its discretion and either dismiss the case without prejudice or direct that service be effected within a specified time." Lepone-Dempsey v. Carroll County Com'rs, 76 F.3d 1277, 1282 (11th Cir. 2007). Plaintiff has not cited any matters that warrant the exercise of the Court's discretion to grant a further extension of the time.

Because it is possible that Defendant has already been served, the undersigned will not make a report and recommendation to the district judge that the case be dismissed at this time. But, if no return of service showing that Defendant has been served is docketed by the close of business on December 9, 2016, then the undersigned will recommend dismissal to the district judge. Except for the relief granted herein, the motion is **DENIED**.

**DONE** and **ORDERED** in Orlando, Florida on November 29, 2016.

*/s/ Thomas B. Smith*
THOMAS B. SMITH
United States Magistrate Judge

Copies furnished to Counsel of Record