UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

ANDREA HUBBELL,

    Plaintiff,

v.                                                   Case No:   6:16-cv-908-Orl-DNF

NANCY BERRYHILL, ACTING
COMMISSIONER OF SOCIAL
SECURITY,

    Defendant.
_____

**OPINION AND ORDER**

Plaintiff, Andrea Hubbell, seeks judicial review of the final decision of the Commissioner of the Social Security Administration ("SSA") denying her claim for Supplemental Security Income ("SSI"). The Commissioner filed the Transcript of the proceedings (hereinafter referred to as "Tr." followed by the appropriate page number), and the parties filed a joint legal memoranda setting forth their respective positions. For the reasons set out herein, the decision of the Commissioner is **AFFIRMED** pursuant to § 205(g) of the Social Security Act, 42 U.S.C. § 405(g).

**I. Social Security Act Eligibility, Standard of Review, Procedural History, and the ALJ's Decision**

**A. Social Security Act Eligibility**

The law defines disability as the inability to do any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than twelve months. 42 U.S.C. §§ 416(i), 423(d)(1)(A), 1382a(3)(A); 20 C.F.R. §§ 404.1505, 416.905. The impairment must be severe, making the claimant unable to do her previous work, or any other

substantial gainful activity which exists in the national economy. 42 U.S.C. §§ 423(d)(2), 1382(a)(3); 20 C.F.R. §§ 404.1505-404.1511, 416.905-416.911.

## B. Standard of Review

The Commissioner's findings of fact are conclusive if supported by substantial evidence. 42 U.S.C. § 405 (g). "Substantial evidence is more than a scintilla and is such relevant evidence as a reasonable person would accept as adequate support to a conclusion. Even if the evidence preponderated against the Commissioner's findings, we must affirm if the decision reached is supported by substantial evidence." *Crawford v. Comm'r*, 363 F.3d 1155, 1158 (11th Cir. 2004) (citing *Lewis v. Callahan*, 125 F.3d 1436, 1439 (11th Cir. 1997)); *Martin v. Sullivan*, 894 F.2d 1520, 1529 (11th Cir. 1990). In conducting this review, this Court may not reweigh the evidence or substitute its judgment for that of the ALJ, but must consider the evidence as a whole, taking into account evidence favorable as well as unfavorable to the decision. *Martin v. Sullivan*, 894 F.2d 1329, 1330 (11th Cir. 2002); *Foote v. Chater*, 67 F.3d 1553, 1560 (11th Cir. 1995). However, the District Court will reverse the Commissioner's decision on plenary review if the decision applied incorrect law, or if the decision fails to provide sufficient reasoning to determine that the Commissioner properly applied the law. *Keeton v. Dep't of Health & Human Servs.*, 21 F.3d 1064, 1066 (11th Cir. 1994). The Court reviews de novo the conclusions of law made by the Commissioner of Social Security in a disability benefits case. Social Security Act, § 205(g), 42 U.S.C. § 405(g).

The ALJ must follow five steps in evaluating a claim of disability. 20 C.F.R. §§ 404.1520, 416.920. At step one, the claimant must prove that she is not undertaking substantial gainful employment. *Doughty v. Apfel*, 245 F.3d 1274, 1278 (11th Cir. 2001), *see* 20 C.F.R. §

404.1520(a)(4)(i). If a claimant is engaging in any substantial gainful activity, she will be found not disabled. 20 C.F.R. § 404.1520(a)(4)(i).

At step two, the claimant must prove that she is suffering from a severe impairment or combination of impairments. *Doughty*, 245 F.3d at 1278, 20 C.F.R. § 1520(a)(4)(ii). If the claimant's impairment or combination of impairments does not significantly limit her physical or mental ability to do basic work activities, the ALJ will find that the impairment is not severe, and the claimant will be found not disabled. 20 C.F.R. § 1520(c).

At step three, the claimant must prove that her impairment meets or equals one of impairments listed in 20 C.F.R. Pt. 404, Subpt. P. App. 1; *Doughty*, 245 F.3d at 1278; 20 C.F.R. § 1520(a)(4)(iii). If she meets this burden, she will be considered disabled without consideration of age, education and work experience. *Doughty*, 245 F.3d at 1278.

At step four, if the claimant cannot prove that her impairment meets or equals one of the impairments listed in Appendix 1, she must prove that her impairment prevents her from performing her past relevant work. *Id*. At this step, the ALJ will consider the claimant's RFC and compare it with the physical and mental demands of her past relevant work. 20 C.F.R. § 1520(a)(4)(iv), 20 C.F.R. § 1520(f). If the claimant can still perform her past relevant work, then she will not be found disabled. *Id*.

At step five, the burden shifts to the Commissioner to prove that the claimant is capable of performing other work available in the national economy, considering the claimant's RFC, age, education, and past work experience. *Doughty*, 245 F.3d at 1278; 20 C.F.R. § 1520(a)(4)(v). If the claimant is capable of performing other work, she will be found not disabled. *Id*. In determining whether the Commissioner has met this burden, the ALJ must develop a full and fair record regarding the vocational opportunities available to the claimant. *Allen v. Sullivan*, 880 F.2d

1200, 1201 (11th Cir. 1989). There are two ways in which the ALJ may make this determination. The first is by applying the Medical Vocational Guidelines ("the Grids"), and the second is by the use of a vocational expert ("VE"). *Phillips v. Barnhart*, 357 F.3d 1232, 1239 (11th Cir. 2004). Only after the Commissioner meets this burden does the burden shift back to the claimant to show that she is not capable of performing the "other work" as set forth by the Commissioner. *Doughty v. Apfel*, 245 F.3d 1274, 1278 n.2 (11th Cir. 2001).

### C. Procedural History

On June 4, 2011, Plaintiff filed an application for SSI alleging a disability onset date of January 1, 2001. (Tr. 228-36). Plaintiff later amended her alleged onset date to May 16, 2011. (Tr. 47-48). Plaintiff's application was denied initially on December 9, 2011, and upon reconsideration on May 15, 2012. (Tr. 143-48, 151-55). Plaintiff requested an administrative hearing and on June 24, 2014, a hearing was held before Administrative Law Judge Stephen Calvarese (the "ALJ"). (Tr. 45-82). On July 11, 2014, the ALJ entered a decision finding that Plaintiff was not disabled. (Tr. 17-39). Plaintiff requested review of the ALJ's decision and, on March 21, 2016, the Appeals Council denied Plaintiff's request for review. (Tr. 1-5). Plaintiff commenced the instant action by Complaint (Doc. 1) on May 25, 2016. The parties having filed a joint memorandum on June 2, 2017, this case is ripe for review.

### D. Summary of the ALJ's Decision

At step one of the sequential evaluation, the ALJ found that Plaintiff had not engaged in substantial gainful activity since May 16, 2011, the application date. (Tr. 22). At step two, the ALJ found that Plaintiff had the following severe impairments: migraines, degenerative disc disease, hepatitis C, GERD, an affective mood disorder, an anxiety-related disorder, a schizoaffective disorder, and a history of substance abuse. (Tr. 22). At step three, the ALJ found

that Plaintiff did not have an impairment or combination of impairments that meets or medically equals the severity of any of the listed impairments in 20 C.F.R. Part 404, Subpart P, Appendix 1. (Tr. 23).

Before proceeding to step four, the ALJ found that Plaintiff had the residual functional capacity ("RFC") to

> perform medium work as defined in 20 CFR 416.967(c) with additional restrictions. The claimant can lift and carry up to 50 pounds on an occasional basis and 25 pounds on a frequent basis; the claimant can stand and/or walk for approximately six hours during the course of a workday, and sit for approximately six hours during the course of a workday. The claimant has a fair-to-poor ability to read, write, and use numbers. The claimant has moderate limitations in her ability to understand, remember, and carryout simple instructions. The claimant has moderate limitations in her ability to maintain attention and concentration for extended periods; and complete a normal workday and workweek without interruptions from psychologically-based symptoms and to perform at a consistent pace without unreasonable number and length of rest periods. The claimant is capable of completing simple, routine tasks within an appropriate period of time. If the claimant remains fully compliant with treatment, the claimant can complete a normal work schedule. The claimant must avoid the general public.

(Tr. 25). At step four, the ALJ found that Plaintiff has no past relevant work.

At step five, the ALJ found that considering Plaintiff's age, education, work experience, and RFC, there are jobs that exist in significant numbers in the national economy that Plaintiff can perform. (Tr. 32). In reaching this decision, the ALJ relied on the testimony of a vocational expert who testified that Plaintiff could perform the requirements of occupations such as kitchen helper, hand packer, cleaner, and document preparer. (Tr. 33). The ALJ concluded that Plaintiff was not under a disability from May 16, 2011, through the date of the decision. (Tr. 33).

## II. Analysis

Plaintiff raises three issues on appeal: (1) whether the ALJ erred by failing to properly analyze Plaintiff's credibility; (2) whether substantial evidence supports the ALJ's determination

of Plaintiff's mental limitations and failed to fully develop the record; and (3) whether the ALJ erred by failing to pose a hypothetical question to the vocational expert that encompassed all of Plaintiff's physical and mental limitations. The Court will address each issue in turn.

**A) Whether the ALJ erred by failing to properly analyze Plaintiff's credibility.**

Plaintiff argues that the ALJ gave inadequate reasons for rejecting and/or finding Plaintiff's testimony only partially credible. (Doc. 20 p. 18-29). Across nearly eleven pages, Plaintiff summarizes the evidence the ALJ relied upon in his credibility finding and argues that this evidence is "an insufficient basis" to find Plaintiff not credible. (Tr. 20, 21, 22, 23, 25). In response, Defendant argues that the ALJ properly evaluated Plaintiff's subjective symptoms and that substantial evidence supports the ALJ's determination that Plaintiff's subjective complaints were not entirely credible. (Doc. 30 p. 28-35).

The Eleventh Circuit three-part pain standard that applies whenever a claimant asserts disability through testimony of pain or other subjective symptoms requires (1) evidence of an underlying medical condition and either (2) objective medical evidence confirming the severity of the alleged pain arising from that condition, or (3) that the objectively determined medical condition is of such a severity that it can be reasonably be expected to cause the alleged pain. *Foote v. Charter*, 67 F.3d 1553, 1560 (11th Cir. 1995); *Kelly v. Apfel*, 185 F.3d 1211, 1215 (11th Cir. 1999). After considering claimant's subjective complaints, the ALJ may reject them as not credible, and that determination may be reviewed for substantial evidence. *Marbury v. Sullivan*, 957 F.2d 837 (11th Cir. 1992). If the objective medical evidence does not confirm the severity of the alleged symptoms, but indicates that the claimant's impairment could reasonably be expected to produce some degree of pain and other symptoms, the ALJ evaluates the intensity and persistence of the claimant's symptoms and their effect on his ability to work by considering the

objective medical evidence, the claimant's daily activates, treatment and medications received, and other factors concerning functional limitations and restrictions due to pain. *See* 20 C.F.R. § 404.1529.

In his decision, the ALJ found that although Plaintiff's medically determinable impairments could reasonably be expected to cause the alleged symptoms; however, the claimant's statements concerning the intensity, persistence and limiting effects of these symptoms are not entirely credible. (Tr. 28).

Here, the Court finds that the ALJ's credibility finding is supported by substantial evidence. The medical evidence supports the ALJ's evaluation of Plaintiff's allegations of disabling mental symptoms. Although Plaintiff notes that she was diagnosed with various mental conditions, diagnoses do not establish work-related limitations. *See Moore*, 405 F.3d at 1213 n.6; *see also Davis v. Barnhart*, 153 F. App'x 569, 572 (11th Cir. 2005). The medical records do not support Plaintiff's subjective complaints of disabling limitations. *See* 42 U.S.C. § 1382c(a)(3)(A); 20 C.F.R. §§ 416.905(a), 416.909. The June and September 2011 progress notes from Stewart-Marchman-Act Behavioral Health noted that Plaintiff showed good attention and concentration, normal speech, intact memory, normal motor behavior, fair impulse control, normal range of affect, no evidence of suicidal or homicidal intent, fair judgment, and fair insight, although her examinations were positive for hallucinations and delusions. (Tr. 543, 545). In April 2013, Plaintiff displayed a cooperative attitude, appropriate affect, anxious mood, spontaneous and logical thought process, no abnormal thought content, no perceptual distortions, no memory impairments, adequate attention and concentration, fair insight, adequate judgment. (Tr. 697). She denied having suicidal or homicidal ideations. (Tr. 697). The following month, Plaintiff's examination was positive for auditory hallucinations, but she had no memory impairments, mildly

impaired attention and concentration, and mildly impaired judgment. (Tr. 695). A May 2013 progress note described Plaintiff's depression and anxiety as stable on medication. (Tr. 29, 762). In October 2013, Plaintiff's mental status was grossly normal, and her affect and judgment were normal. (Tr. 29, 717). In June 2014, Plaintiff displayed adequate attention and concentration, no memory impairment, only mildly impaired judgment, fair insight, and logical thought processes. (Tr. 29, 781).

Further, the November 2011 consultative psychological examination report of Dr. Friedenberg, Ph.D., bolsters the ALJ's evaluation of Plaintiff's subjective complaints. (Tr. 583-84). On examination, Plaintiff was polite and cooperative, and demonstrated clear and logical verbal communication, and a normal affect. (Tr. 584). Though Plaintiff reported auditory and visual hallucinations, Dr. Friedenberg noted there were no florid signs of psychotic thought disorder during the examination. (Tr. 30, 584). Plaintiff's current memory and concentration were moderately impaired. (Tr. 584). Her ability to calculate simple arithmetic problems was intact; and she had fair judgment and fair ability to abstract meanings of proverbs. (Tr. 584).

Additionally, the objective medical evidence does not support Plaintiff's allegations of disabling physical limitations. With respect to Plaintiff's alleged headaches (Tr. 58), the ALJ noted that the CT scan of Plaintiff's brain was negative. (Tr. 30, 621). Plaintiff also denied headaches on multiple occasions. (Tr. 30, 602, 627, 644, 760). Regarding Plaintiff's hepatitis C and gastroesophageal reflux disease (GERD), the ALJ noted recent entries described the conditions as stable. (Tr. 31, 724, 762, 766). Further, in December 2011, consultative examiner David Carpenter, M.D., noted Plaintiff demonstrated full range of motion in all extremities. (Tr. 587). She had no motor or sensory deficits, and her cranial nerves II through XII were grossly intact. (Tr. 588). Dr. Carpenter noted the x-rays of Plaintiff's lumbosacral spine and left knee were

negative. (Tr. 31, 588). She had normal grip strength and fine manipulation skills, and she walked in a normal heel-to-toe fashion. (Tr. 588). She did not have any musculoskeletal complaints during the examination. (Tr. 588). As the ALJ discussed, multiple examination notes from 2012 and 2013 noted that Plaintiff denied having an abnormal gait or weakness. (Tr. 29-30, 627, 644, 670, 676). During a June 2012 examination, Plaintiff had tenderness of the neck and upper extremities, but she also demonstrated normal range of motion, stability, and muscle strength of the neck and upper extremities. (Tr. 29, 671). With respect to Plaintiff's COPD, the ALJ noted that multiple exams noted normal respiratory findings and others noted "few" expiratory wheezes and rhonchi, along with diminished breath sounds. (Tr. 30, 628, 644, 670, 761).

The opinions of State agency medical and psychological consultants Louise Wunsch, M.D., and James Brown, Ph.D., who reviewed the evidence of record in May 2012, further support the ALJ's evaluation of Plaintiff's symptoms. (Tr. 31, 107, 110). State agency medical consultants are highly qualified specialists who are also experts in the Social Security disability programs, and their opinions may be entitled to great weight if the evidence supports their opinions. *See* 20 C.F.R. § 416.927(e)(2)(i). Dr. Wunsch opined Plaintiff could lift and/or carry up to 50 pounds occasionally and frequently; stand and/or walk for a total of 6 hours in an 8-hour workday; and sit 6 hours in an 8-hour workday. (Tr. 31, 107). Dr. Brown opined Plaintiff could carry out simple, routine tasks in a low social demand work situation as so motivated, and that her level of functioning would be expected to improve if fully compliant with treatment. (Tr. 31, 110).

The Court rejects Plaintiff's argument that the ALJ did not properly consider side effects from her medications. The ALJ noted that the record and testimony do not support the conclusion that Plaintiff's medications resulted in side effects that would preclude work in accordance with the RFC assessment (Tr. 31). As Defendant notes, however, Plaintiff fails to cite objective medical

evidence showing she actually had side effects from her medications that would have affected her ability to work. *See* Walker v. Comm'r of Soc. Sec., 404 F. App'x 362, 366 (11th Cir. 2010) ("the claimant must introduce evidence supporting her claim that her symptoms (including any medication side effects) make her unable to work").

Likewise, the Court sees no error in the ALJ's discussion of Plaintiff's use of cigarettes and marijuana in evaluating Plaintiff's subjective complaints. (Tr. 30). In April 2012, Plaintiff reported smoking about a half-pack a day for about 30 years and using marijuana on a daily basis (Tr. 602). The ALJ properly considered this evidence in evaluating Plaintiff's symptoms concerning her respiratory functioning (Tr. 30). *See Holley v. Chater*, 931 F. Supp. 840, 847-48 (S.D. Fla. 1996) ("the continued use of cigarettes by plaintiff suggests that his pulmonary condition is not as severe as he alleges and further supports the ALJ's decision to accord [plaintiff's] subjective complaints diminished weight").

Further the ALJ properly considered Plaintiff's activities of daily living in evaluating her allegations of disabling symptoms. (Tr. 28). See 20 C.F.R. § 416.929(c)(3)(i) (Commissioner considers claimant's daily activities when evaluating claimant's symptoms). As discussed by the ALJ, Plaintiff testified she could cook, perform household chores, engage in various hobbies, and shop. (Tr. 28, 66-67). Plaintiff attended computer classes one time per week. (Tr. 27, 69-70). She also reported living on a sailboat for 4 years. (Tr. 70). Plaintiff's hobbies included riding motorcycles, shooting pool, painting, reading, and playing computer games. (Tr. 27, 68). At the 2011 consultative examination, Plaintiff reported she took care of her personal hygiene without reminders, prepared simple meals, washed dishes, and performed some light cleaning when she was with her boyfriend. (Tr. 583-84). Her daily activities consisted of watching television, listening to music, and reading. (Tr. 584). Her hobbies included painting and making candles. (Tr.

584).  She exercised by walking, had friends, attended church fairly regularly, and could use public transportation unassisted (Tr. 584). She shopped for a few items by herself with difficulty (Tr. 584).

In reviewing an ALJ's credibility finding, the Eleventh Circuit has provided that "[t]he question is not . . . whether [the] ALJ could have reasonably credited [the claimant's] testimony, but whether the ALJ was clearly wrong to discredit it." *Werner v. Comm'r of Soc. Sec.*, 421 F. App'x 935, 939 (11th Cir. 2011). "A clearly articulated credibility finding with substantial supporting evidence in the record will not be disturbed by a reviewing court." *Foote v. Chater*, 67 F.3d 1553, 1562 (11th Cir. 1995) (citing *MacGregor v. Bowen*, 786 F.2d 1050, 1054 (11th Cir. 1986)). Plaintiff has failed to show that the ALJ was clearly wrong to have discredited Plaintiff's subjective complaints. The Court finds that substantial evidence supports the ALJ's credibility finding and, therefore, will not disturb his findings on review.

**B) Whether substantial evidence supports the ALJ's determination of Plaintiff's mental limitations and failed to fully develop the record.**

Plaintiff argues that her mental limitations are more severe than found by the ALJ and that the ALJ's findings are not supported by the record. (Doc. 30 p. 36). In addition, Plaintiff argues that the ALJ failed to perform his duty of developing the record by failing to order a mental health evaluation of Plaintiff to determine the full extent of her mental health capacity. (Doc. 30 p. 36). In response, Defendant argues that substantial evidence supports the ALJ's mental RFC finding and that the ALJ did not err by failing to develop the record. (Doc. 30 p. 37-40).

In his decision, the ALJ here found that Plaintiff had fair-to-poor ability to read, write, and use numbers; could understand, remember, and carryout simple instructions; complete simple, routine tasks within an appropriate period of time; could complete a normal work schedule if she remained fully compliant with treatment; and must avoid the general public, among other

restrictions. (Tr. 25). Upon review of the record, the Court finds that substantial evidence supports the ALJ's RFC finding.

In determining Plaintiff's RFC, the ALJ considered Dr. Friedenberg's report. (Tr. 31, 584). Dr. Friedenberg estimated that Plaintiff's current memory and concentration were "moderately" impaired and noted that her ability to calculate simple arithmetic was intact. (Tr. 31, 584). The ALJ noted that Dr. Friedenberg's conclusions were consistent with the ALJ's finding that Plaintiff could perform simple, routine tasks. (Tr. 31).

The ALJ also considered the opinion of State agency psychological consultant, Dr. Brown, who reviewed the evidence of record in May 2012. (Tr. 31, 108-10). The regulations require the ALJ to consider state agency medical and psychological consultants' assessments as opinion evidence. See 20 C.F.R. § 416.927(e)(2). SSR 96-6p states that "[i]n appropriate circumstances, opinions [from non-examining physicians] may be entitled to greater weight than the opinions of treating or examining sources." SSR 96-6p, 1996 WL 374180, at *3. Dr. Brown opined Plaintiff could carry out simple, routine tasks in a low social demand work situation as so motivated, and that her level of functioning would be expected to improve if fully compliant with treatment (Tr. 110). While Dr. Brown's opinion predates some of the other medical evidence, the ALJ reviewed all of the evidence of record that was before him. (Tr. 25-31). The ALJ noted that subsequent treatment notes supported the opinion and afforded significant weight to Dr. Brown's opinion. (Tr. 31).

The Court rejects Plaintiff's argument that the ALJ erred by failing to fully and fairly develop the record. Although an ALJ "has a basic obligation to develop a full and fair record, . . . there must be a showing of prejudice before it is found that the claimant's right to due process has been violated to such a degree that the case must be remanded to the [Commissioner] for further

development of the record." *Graham v. Apfel*, 129 F.3d 1420, 1422-23 (11th Cir. 1997). An ALJ is not required to order a consultative examination or obtain medical expert testimony when the record contains sufficient evidence for the ALJ to make an informed decision. *See Wilson v. Apfel*, 179 F.3d 1276, 1278 (11th Cir. 1999). Moreover, "the claimant bears the burden of proving he is disabled, and, consequently, he is responsible for producing evidence to support his claim." *Ellison*, 355 F.3d at 1276.

Here, Plaintiff failed to show that a doctor's opinion about her limitations was necessary for the ALJ to make an informed decision, and she failed to show any prejudice resulting from the development of the record. The ALJ obtained a consultative examination from Dr. Friedenberg, and Dr. Friedenberg's report and the other evidence of record do not indicate Plaintiff had additional mental limitations on her ability to work. The record provided sufficient information for the ALJ to assess Plaintiff's mental limitations and the ALJ did not err by failing to obtain a mental examination.

### C) Whether the ALJ erred by failing to pose a hypothetical question to the vocational expert that encompassed all of Plaintiff's physical and mental limitations.

Plaintiff argues that the hypothetical question posed to the vocational expert did not present the full range of Plaintiff's physical and mental health restrictions. (Doc. 30 p. 15). Defendant argues that the ALJ's hypothetical question to the vocational expert included the limitations identified in the ALJ's RFC finding. (Doc. 30 p. 17).

At step five, the Commissioner must determine that significant numbers of jobs exist in the national economy that the claimant can perform. *Winchell v. Comm'r of Social Security*, 631 F.3d 1176, 1180 (11th Cir. 2011). An ALJ may use the Medical Vocation Guidelines or may obtain the testimony of a vocational expert to determine whether there a jobs that exist in the national economy that a claimant can perform. *Id.* If the ALJ decides to use a vocational expert, for the

vocational expert's opinion to constitute substantial evidence, "the ALJ must pose a hypothetical question which comprises all of the claimant's impairments." *Id*. (citing *Wilson v. Barnhart*, 284 F.3d 1219, 1227 (11th Cir. 2002).

In this case, the ALJ's hypothetical question to the vocational expert included the limitations identified in the ALJ's RFC finding. (Tr. 25, 77-79). In response, the vocational expert testified the hypothetical individual could perform other work as kitchen helper, hand packer, cleaner, and document preparer. (Tr. 32-33, 79-80). As explained above, substantial evidence supports the ALJ's credibility and RFC findings. (Tr. 25, 28). Plaintiff failed to meet her burden of proving she could not perform the jobs identified by the vocational expert. *See Doughty v. Apfel*, 245 F.3d 1274, 1278 n.2 (11th Cir. 2001). The ALJ properly relied on the vocational expert's testimony to find Plaintiff could perform other work, and substantial evidence supports the ALJ's findings and conclusion that Plaintiff was not disabled.

### III. Conclusion

The decision of the Commissioner is **AFFIRMED**. The Clerk of the Court is directed to enter judgment consistent with this opinion and, thereafter, to close the file.

**DONE** and **ORDERED** in Fort Myers, Florida on March 22, 2018.

DOUGLAS N. FRAZIER
UNITED STATES MAGISTRATE JUDGE

Copies furnished to:

Counsel of Record
Unrepresented Parties